**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

HAMIS A-A-M ALSHARKI                                                       PLAINTIFF

V.                                         4:10CV01451 JLH/JTR

BARRON DIXSON, Deputy,
Pulaski County Regional Detention Center, et al.                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States Chief District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the
United States District Judge was not offered at the hearing before the

      Magistrate Judge.

3.     An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

      Mail your objections and "Statement of Necessity" to:

      Clerk, United States District Court
      Eastern District of Arkansas
      600 West Capitol Avenue, Suite A149
      Little Rock, AR 72201-3325

## I.  Introduction

      Plaintiff, Hamis A-A-M Alsharki, who is a pretrial detainee at the Pulaski County Regional Detention Center, has filed a *pro se*[1] § 1983 Complaint alleging that Defendants have violated his constitutional rights. *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, for failing to

---

[1] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

      Plaintiff is further notified of 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

state a claim upon which relief may be granted.[2]

## II. Discussion

In his Complaint, Plaintiff alleges that Defendants have "embarrassed" him and caused him "mental anguish" by teasing him and calling him names, such as "terrorist," "brown boy," and "rag head."[3]  *See* docket entry #2 at 4.

It is black letter law that a § 1983 action can only be brought for violations of a federal statutory or constitutional right.  *See Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1093 (8th Cir. 2004); *Isakson v. First Nat'l Bank*, 990 F.2d 1098, 1098 (8th Cir. 1993).  In several cases, the Eighth Circuit has clarified that name calling and teasing does not rise to the level of a constitutional violation.  *See McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993) (holding that verbal harassment, threats, and name calling are not actionable under § 1983); *Hopson v.*

---

[2] The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007).  Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be  "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

[3] The PLRA provides that a prisoner may not recover compensatory damages for "mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *see also Royal v. Kautzky,* 375 F.3d 720, 723 (8th Cir. 2004) (explaining that PLRA's physical injury rule applies to *all lawsuits* brought by prisoners, even if it is a constitutional claim which, by its very nature, does not involve any type of physical injury).

*Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) (holding that "mere verbal threats made by a state actor do not constitute a § 1983 claim"); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (holding that verbal threats and name calling is not actionable under § 1983).

Plaintiff also asserts that Defendant's name-calling and teasing amounts to racial discrimination, presumably, in violation of equal protection clause of the Fourteenth Amendment. *See* docket entry #2. However, the Eighth Circuit has held that: "Verbal abuse by correctional officials, even the use of reprehensible racially derogatory language, is not by itself unconstitutional race discrimination." *Lewis v. Jacks,* 486 F.3d 1025, 805 (8th Cir. 2007); *see also Blades v. Schuetzle*, 302 F.3d 801 (8th Cir. 2002). Importantly, Plaintiff does *not* allege that Defendants subjected him to different rules, gave him less privileges, or tangibly treated him differently than similarly situated detainees. Accordingly, he has failed to state a viable equal protection claim.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Pursuant to the screening function mandated by 28 U.S.C. §1915A, this case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.  The dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3.  The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 29th day of October, 2010.

                                                                    */s/ J. Thomas Ray*
                                             UNITED STATES MAGISTRATE JUDGE